UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Richard A. Davidson,** | ) | **CASE NO. 1:25 CV 567** |
| | ) | |
| Plaintiff, | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Community Medical Services, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Richard A. Davidson, a prisoner at the Lorain Correctional Institution ("LORCI"), filed this action against Community Medical Services in Columbus, Ohio, Pike County Sheriff's Office Lieutenant Carver, LORCI Healthcare Administrator Mr. O'Callahan, Community Medical Services Employees Ms. Falon, Ms. Shaffer, and John Doe, Fayette County Jail Physician Dr. Doe, ODRC Medication Assisted Treatment ("MAT") Officer K. Sovacool, Fayette County Jail Nurse Mandy, and the Ohio Department of Rehabilitation and Corrections ("ODRC") in Columbus, Ohio. In his Complaint, he alleges that he arrived at LORCI in September 2024 with a severe opioid addiction. LORCI physicians placed him in the MAT program and prescribed daily doses of Suboxone. In December 2024, Plaintiff was transferred to Pike County to await trial on new charges. Pike County does not have a jail, so they housed him in the Fayette County Jail. He alleges that while he was housed in the Fayette County Jail, he was denied Suboxone causing him to suffer withdrawal symptoms. He asserts seven claims for relief.

1

Title 28 U.S.C. § 1391(b) provides that civil suits may be brought only in the judicial district where: (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found, if there is no district in which the claim may otherwise be brought. In addition, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" A District Court may address this issue *sua sponte*. *See Carver v. Knox Cnty., Tenn.,* 887 F.2d 1287, 1291 (6th Cir. 1989)(" 28 U.S.C. § 1404(a) does not require a motion; a district court may transfer a case *sua sponte*"); *Tomlinson v. Holder*, No. 7:11-cv-140, 2011 WL 5330724, at *7 (E.D. Ky. Nov. 7, 2011)("a court may *sua sponte* transfer a case pursuant to §1404(a) even though it was filed in the proper venue at the outset.").

In this case, nine of the ten named Defendants are in Columbus, Pike County or Fayette County, which are all in the Southern District of Ohio. Six of the seven claims in the Complaint pertain to the Defendants in the Southern District of Ohio. Moreover, the events giving rise to Plaintiff's Complaint occurred in the Fayette County Jail, in the Southern District of Ohio. In the interest of justice and for the convenience of the parties and witnesses, this matter should be transferred to the Southern District of Ohio (Columbus).

Accordingly, the Clerk of Courts is directed to transfer this case to the United States District Court for the Southern District of Ohio (Columbus).

**IT IS SO ORDERED.**

Date: April 30, 2025

   s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

2